(49 South. 663.)

No. 17,304.

STEWART v. CRUMP.

(April 26, 1909. Rehearing Denied May 24, 1909.)

HUSBAND AND WIFE (§ 49½*)—DONATIONS—EVIDENCE.

At an auction sale made in 1888, to effect a partition between the heirs of Samuel Stewart and wife, Hunter Stewart, one of the heirs (then an unmarried man) became in point of fact the adjudicatee of certain real estate in New Orleans, and in the partition of the succession and the settlement with his coheirs he paid the price of the same. In the interval between the sale and the partition among the heirs, the real adjudicatee caused the auctioneer to substitute for his name as adjudicatee that of a young lady to whom he was engaged to be married with the intention of making a donation of the property so purchased to her. Her name so appeared in the act of partition. The young lady had in fact nothing to do with this transaction until after the partition had been made and the price had been paid by Hunter Stewart, to whom she was subsequently married.

After her marriage the auctioneer and the heirs (including her husband) and the wife appeared before a notary and two witnesses avowedly for the purpose of placing the legal title out of the successions and in the name of the adjudicatees at the public auction. In that act, however, the name of the wife was again made to appear as the adjudicatee at the public sale. The heirs, including the husband, transferred their interests in the property to the wife, and all parties signed the act. There was no sale actually made at that time. The property had passed out of the successions to the husband at the auction, and the price had been paid by him. From the time this last act was passed, the legal title stood in the name of the wife, and so remained until her death. Her succession was settled on the basis of the property having passed to her, and so it had, but by way of donation from her husband through the act last mentioned, and not by purchase. At her death there was left, as issue of the marriage, one child, a daughter. The father married again, and from that marriage there was issue, one child, a son.

The present suit is brought by the tutrix of the child of the last marriage against the tutor of the child of the first marriage, claiming that the first wife had not purchased the property as she had appeared to have done, that the husband had bought and paid for it, and it remained his until his death, and then passed to the two children in equal joint ownership. The tutor of the child of the first marriage urged that the mother had really bought the property at the auction sale and paid for it, and that it devolved in entirety upon her child at her death; but, if such was not the fact, that then the property had passed to her by donation irrevo-cably to the extent of the disposable portion of one-half, and to that extent she continued to own it; that at the utmost the child of the second marriage could only claim one-fourth of the property. The district court sustained the contention of the plaintiff, but on appeal the Supreme Court holds the position taken alternatively by the defendant to be the correct one.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 251; Dec. Dig. § 49½.*]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by Amelia T. Stewart, natural tutrix of the minor Edwin J. Stewart, against Benjamin Crump, Jr., dative tutor of the minor Gladys Marguerite Stewart. Judgment for plaintiff, and defendant appeals. Reversed.

Frank McGloin, for appellant. James Barkley Rosser, Jr., for appellee.

## Statement of the Facts.

NICHOLLS, J. The plaintiff, natural tutrix of the minor Edwin J. Stewart, a forced heir of Hunter Stewart, alleged:

"That Hunter Stewart at the time of his death left the following named minor children and forced heirs, to wit, Gladys Marguerite Stewart, issue of his marriage with Mrs. Armide Theresa White, his predeceased wife, and said Edwin J. Stewart, issue of his marriage with petitioner, and said children are entitled to inherit in joint and equal portions all property left by said Hunter Stewart at the time of his death."

That said Hunter Stewart was the owner at the time of his death of certain property, which was described, situated in this city.

"That said Hunter Stewart, deceased husband of petitioner and father of said Edwin J. Stewart, owned said property and other property in this city in common and in division with Mrs. Erminia Stewart, wife of J. A. C. Wadsworth, K. K. Stewart, C. Henry Stewart, Theodore C. Stewart, Alcee W. Stewart, Eliska Stewart, wife of N. D. Harvey, Edna Stewart, wife of Charles Louque, and the minor children of Samuel R. Stewart, by inheritance from their deceased parents, as will appear from the judgment of Hon T. C. W. Ellis, judge civil district court, division A. rendered on the 10th day of August, A. D. 1889, in the proceedings entitled Succession of Samuel Stew-

art, and of Mrs. Marguerite Nisida Giguel, widow of Samuel Stewart, Nos. 22,200 and 22,-201, respectively, of the docket of the civil district court.

"That subsequent to the rendition of said judgment, before referred to, judgment was rendered in said proceeding upon the petition of Mrs. Erminia Stewart, wife of J. A. C. Wadsworth, on the 3d of April, 1888, and against said Hunter Stewart, and his coheirs, decreeing a partition by licitation of the above-described property and other property the whole of which will appear by reference to the proceeding entitled Mrs. ———, No. 22,201 of the docket of the civil district court.

"That said aforedescribed property and other property was advertised and sold at auction by W. I. Hodgson, auctioneer, in obedience to said judgment rendered in said partition suit, above referred to, on the 12th day of May, 1888, and at said public auction said Hunter Stewart became the adjudicatee of the aforedescribed property as one of the heirs and co-owners thereof, pending the partition ordered in said judgment, retaining the amount of the bid in his hands, the whole of which will be shown on the trial hereof.

"Petitioner, as natural tutrix of said minor Edwin J. Stewart, the child and forced heir of said Hunter Stewart, deceased, avers and charges that said Hunter Stewart, deceased, in anticipation of his approaching marriage with Miss Armide T. White, which marriage took place on the 5th day of February, 1889, and in order that it might appear that said Miss Armide T. White, purchased said property prior to her marriage to said Hunter Stewart, deceased, did on the 24th day of January, 1889, cause the name of the said Miss Armide T. White, his intended wife, to be inserted in lieu and place of his own in the said procès verbal of sale of said W. I. Hodgson, auctioneer, as the adjudicatee of said aforedescribed property, for the ostensible price and sum of $4,900 cash, and moreover caused said procès verbal aforedescribed to be registered in the conveyance office in this city on said 24th day of January, 1889, in Book 130, folio 315.

"That subsequent to said above-recited inscription, said Hunter Stewart, deceased, procured a pretended act of sale, to be passed before W. Morgan Gurley, notary public, on the 28th day of February, 1891, by the estate of Samuel Stewart and wife to Mrs. Armide T. White, his wife. That said act does not declare the payment of the price stated in said adjudication of said W. I. Hodgson, auctioneer, nor does it declare the payment by Mrs. Armide T. White, wife of Hunter Stewart, deceased, of any amount, and petitioner in her aforesaid capacity of natural tutrix of said minor, Edwin J. Stewart, especially avers and charges that in truth and in fact no price was paid either at the execution of said pretended act of sale, nor prior thereto. That said pretended act of sale was registered on said 28th day of February, 1891, in the conveyance office in this city, in Book 137, folio 458, and that both said trans-

actions are fraudulent simulations made in fraud of said minor Edwin J. Stewart's rights as a forced heir and operate to impair his légitime.

"Petitioner in her said representative capacity specially avers and charges that no price was paid for said aforedescribed property by said Miss Armide T. White, subsequently Mrs. Hunter Stewart, that she was impecunious, without money or property, moreover, did not possess the sum of $4,900, the pretended price of the said aforedescribed property, at the time of said pretended adjudication, nor subsequent thereto, the whole of which will be shown on the trial hereof.

"Petitioner avers and charges that her said minor child, said Edwin J. Stewart, is a child and forced heir at law of his said deceased father, said Hunter Stewart, and that as a forced heir he has a right under the laws of this state to attack and prove that the transactions between said Hunter Stewart, deceased, and said Mrs. Armide T. White, his predeceased wife, above set forth, impair and deprive said minor child and forced heir of his légitime in his said father's estate, and that its annulment is necessary and essential for the enforcement thereof.

"In view of the premises, petitioner prays in her said representative capacity of natural tutrix of the minor Edwin J. Stewart that the minor Gladys Marguerite Stewart, through her duly qualified dative tutor, Benjamin Crump, Jr., be cited to appear and answer this demand, and, after due proceedings had, there be judgment in favor of the minor Edwin J. Stewart and against the minor Gladys M. Stewart, decreeing said Hunter Stewart to have been the owner of the aforedescribed property at the time of his death, and that same devolved upon his said minor children, said Gladys M. Stewart and Edwin J. Stewart, in joint and equal portions, one undivided half to each, and further decreeing the said inscription of the procès verbal of said W. I. Hodgson, auctioneer, on the 29th day of January, 1889, registered in the conveyance office in this city, in Book 130, folio 315, and the act passed before said W. Morgan Gurley, notary public, by said Hunter Stewart et al., to Mrs. Armide T. White, wife of said Hunter Stewart, on the 28th day of February, 1891, registered in the conveyance office, in Book 137, folio 458, to be fraudulent simulations by said Hunter Stewart to said Mrs. Armide T. Stewart, his predeceased wife, and depriving said minor Edwin J. Stewart of his légitime as a forced heir, in his father's estate, and therefore null and void, and ordering their cancellation on the records of the said conveyance office in this city.

"Petitioner in her said representative capacity of natural tutrix and legal representative of said minor Edwin J. Stewart prays for all general and equitable relief and for costs."

Defendant filed an exception of no cause of action and subsequently an answer and

an amended answer. In these answers defendant denied all and singular the allegations of plaintiff's petition, and alleged that he had no personal knowledge of the facts connected with the transactions referred to in plaintiff's petition, and he denied that the title referred to as resting in the mother of the minor Gladys Stewart is or was simulated or unreal, averring that, on the contrary, the transaction and title in question were bona fide and real. Further answering respondent averred that, even if it be shown that the mother of the minor Gladys Stewart paid no money for the property, and that she was without means, all of which was denied in such event the transaction attacked was and must have been a donation inter vivos of the property described, or of the rights of the vendor therein, or of the money or consideration paid therefor, and this pleaded in the alternative only, and in the event of its being shown that no price was actually paid by the mother of said minor Gladys Stewart.

Defendant averred: That the said property was the separate property of Armide White, the mother of respondent's ward, and that after her death said property was inherited by her two children, Gladys and Harold. That said Harold died in infancy, after the death of his mother. That, when Harold died, his share of the one-half of said property was inherited by respondent's ward, Gladys Marguerite Stewart, in the proportion of three-fourths, and by Hunter Stewart in the proportion of one-fourth.

That on the marriage of Hunter Stewart to Amelia Tiblier, his one-eight ownership of said property was changed into and limited to a right of usufruct in said one-eighth, and said right of usufruct expired at his death, so that Gladys Stewart is the sole owner of said property.

That one half of said property is occupied by the plaintiff without any right since the death of Hunter Stewart, and that the occu-pation of same was worth $25 per month, for which respondent was entitled to judgment against plaintiff and his mother individually by way of reconvention, and it was so demanded. That the rents of the other half, $25 per month, were being collected by the civil sheriff of this parish under writ of sequestration, and respondent was entitled to have all such collections delivered to her, and she so demands.

In view of the premises respondent prayed leave to file this demand in reconvention, that plaintiff's suit be dismissed, and that respondent's ward be recognized as sole owner of the property described in plaintiff's petition, and that she recover upon her reconventional demand judgment against plaintiff, rent as above claimed at the rate of $25 per month from the death of Hunter Stewart until possession is finally delivered of the property occupied by plaintiff as aforesaid, and petitioner prayed also in reconvention that the civil sheriff be ordered to pay respondent the rents collected under the judicial sequestration herein issued, and respondent prayed for costs and for general relief.

Further answering, tutor of the minor declared (with reservations of all exceptions and pleas heretofore filed for supplemental answer) that the late Hunter Stewart, father of the minor Edwin J. Stewart, did, in the proceedings referred to in plaintiff's petition for sale and partition of the estate and property of Samuel Stewart and wife, repeatedly declare and set forth the fact that the property in question in judicial pleadings and notarial act, and in the auctioneer's procès verbal, the fact that the late Armide White, wife of said Hunter Stewart, was the real and true purchaser of the property described, and its real and true owner, and further did declare that said acquisition was with the separate paraphernal funds of said Armide White, and that said price was paid to the notary for partition, that the said Hun-

ter Stewart was estopped to plead or set up any fact of averment to the contrary of the said judicial and authentic admission by him made as aforesaid, and that said Edwin J. Stewart, as child and heir of said Hunter Stewart, is in turn bound by said declarations and the estoppel resulting therefrom.

That in the succession of Armide White, No. 43,655, the said Hunter Stewart did solemnly allege and set forth that the property described in the petition herein was the separate property of said Armide White, his first wife, and acquired with her separate funds, and did inventory said property as belonging separately to said Armide White, and did demand and secure a final and definitive judgment, rendered and signed May 21, 1895, placing the minor Gladys Marguerite Stewart and himself as inheriting from his son Harold a father's share from the mother's estate as aforesaid; Harold having been a child of the late Armide White, first wife of said Hunter Stewart. That the allegations, declarations, and statements and proceedings of said Hunter Stewart, in said succession of his first wife, Armide White, constituted an estoppel and bar against said Hunter Stewart to deny the facts by him so judicially and otherwise declared, and that, as a child and heir, the said minor Edwin J. Stewart is similarly barred and estopped and cannot be heard to question the truth of his ancestor's admissions, deliberations, and conduct as aforesaid. That the judgment rendered as aforesaid, in the succession of Armide White, March 21, 1895, recognizing the property herein described as the separate property of the late Armide White, and fixing the right and ownership therein of the minor Gladys Marguerite Stewart, constituted against said Hunter Stewart, the thing adjudged, and barred and precluded any attempt or effort to establish facts and conditions contrary to those established by said final judgment and that

said Edwin J. Stewart, as son and heir of said Hunter Stewart, was bound and held by said estoppel to the thing adjudged.

That all the estoppels and bars above described were specially pleaded against said minor Edwin J. Stewart, and in bar of the further prosecution of this suit, and of any and all attempts to prove facts or conditions different from those established by the declarations, judicial admissions and conduct, and the final judgment described.

In view of the premises, appearer prayed leave to file this amended and supplemental answer, that the pleas of estoppel and res adjudicata herein set up be maintained, and that there be judgment against petitioner and in favor of appearer as originally prayed for, and for general relief.

The district court rendered judgment adjudging and decreeing that Mrs. Amelia T. Stewart, in her capacity as natural tutrix of the minor Edwin J. Stewart, do have judgment against Benjamin Crump, Jr., in his capacity as dative tutor of the minor Gladys Marguerite Stewart, declaring Hunter Stewart, the deceased father of both of said minors, to have been at the date of his death the absolute and exclusive owner, in his own separate right, of the property herein involved, to wit:

"Two certain lots of ground with the buildings and improvements thereon, situated in the First district of this city in the square bounded by Camp street, Joseph, Julia, and St. Charles street, designated by the letters F and G. Lot F measures 20 feet 7 inches and 4 lines front on St. Joseph street, by 66 feet in depth between parallel lines, adjoining lot G. Lot G measures 22 feet, 4 inches and 5 lines front on St. Joseph street, by 66 feet in depth; lot G having the use of a common alley. The improvements consist of a double tenement residence Nos. 171 and 173 St. Joseph street. And that at his death the same descended by inheritance to his said two minor children Gladys Marguerite Stewart and Edwin J. Stewart, in joint and equal portions of one undivided one-half interest for each of them, and that as such joint owners, and in said equal proportions, they be and are now recognized.

"It is further ordered, adjudged, and decreed that the procès verbal of W. I. Hodgson, auc-

tioneer, of 29th January, 1889, recorded in conveyance office, Book 130, folio 315, and the act before W. Morgan Gurley, notary, by Hunter Stewart et al. to Armide T. White, his wife, on 28th of February, 1891, conveyance office, Book 137, folio 458, in so far as the same purport to have created title in said Armide T. White, wife of said Hunter Stewart, to be deemed to have been unreal and simulated, and that said acts were in reality conveyances to said Hunter Stewart alone.

"It is further ordered, adjudged, and decreed that defendant's reconventional demand be dismissed, all right of both minors reserved as to any question of rents, or other charges, for settlement on the partition of the property, or otherwise.

"It is further decreed that plaintiff recover her costs. Judgment rendered and read in open court June 26, 1908."

Defendant has appealed.

The issues between the plaintiff and defendant appear from the pleadings which have been set out. Hunter Stewart was twice married, first to Armide Theresa White, and afterwards to Amelia Tiblier. The minor Gladys Marguerite Stewart is the issue of the first marriage, and the minor Edwin J. Stewart is the issue of the second.

Hunter Stewart was one of the heirs of Samuel Stewart and his wife Marguerite Nisida Giquel.

One of those heirs, Mrs. Erminia Stewart (wife of J. S. C. Wadsworth) brought a partition suit in February, 1888, against her coheir for a partition by licitation of the properties of the succession. A judgment for such partition was decreed by the court on April 7, 1888. The property was ordered to be sold at public auction by W. I. Hodgson, auctioneer, cash for the movables, and one-third or more cash at the option of the purchasers of the real estate, the balance one or two years credit, with notes bearing 8 per cent. interest per annum from date of sale until paid, secured by special mortgage and vendor's lien, 5 per cent. attorney fees in case of suit, the property to be insured for the amount of the notes and policy transferred to the holders of the notes. The parties were ordered to be referred to Alphonse Phillips, notary public, to complete the partition and settlement, all matters of collation and accounts between the parties.

The auction sale ordered was made on the 12th day of May, 1888, by W. I. Hodgson, auctioneer.

The following instrument has been placed in the transcript by consent. It was admitted by the trial court as "rem ipsam":

"Certificate.

"To Whom It may Concern:

"This is to certify that, Washington Irving Hodgson, auctioneer, did on Saturday May 12, 1888, in the matter of Mrs. Erminia Wadsworth v. J. J. Stewart et al., docket No. 22,201 adjudicate the following described properties, to original purchasers who transferred same, as herein stated, after the conclusion of the sale, as stated in my procès verbal of above date. The whole as follows, to wit:

| Property. | Price. | Adjudicatee. | Transferee. |
| --- | --- | --- | --- |
| No. 101 Magazine St. | $ 6,850 | Hunter Stewart. | C. H. T. & H. Stewart. |
| Nos. 227 and 229 Front St. | 2,750 | N. D. Harvey. | Mrs. N. D. Harvey. |
| 5 lots on Constance | 9,600 | S. L. Gilmore. | Maginnis Sons. |
| 209 Camp St. | 11,500 | J. D. C. Wadsworth. | Mrs. Chas. Louque. |
| No. 211 Camp. St. | 9,000 | H. Stewart. | 3 Bros. as above. |
| No. 213 Camp St. | 8,800 | H. Stewart. | 3 Bros. as above. |
| Nos. 171 and 173 St. Joseph. | 4,900 | H. Stewart. | Miss A. T. White. |
| No. 175 St. Joseph. | 6,000 | H. Stewart. | 3 Bros. as above. |
| Country lands. | 400 | N. D. Harvey | Mrs. N. D. Harvey. |
| Pass Christian, Miss. | 525 | H. Stewart. | 3 Bros. as above. |

"The above properties were adjudicated as above stated, to the adjudicatees named and were changed by the purchasers to the transferees, as also stated, and procès verbal to that effect were duly furnished to the notary having charge of the settlement of the affairs in the above matter.                     Very respectfully,

"W. I. Hodgson, Auctioneer."

On July 20, 1889, the heirs appeared in person (or represented by attorneys in fact) before Octave De Armas, a notary public for the parish of Orleans, for the purpose of making the partition as ordered. The reason of this change of notaries does not appear, but it seems to be conceded that Alphonse Phillips, the notary to whom the parties were originally referred for that purpose, had in the meantime died.

In this act the notary marshaled the assets which went to form the active mass. For that purpose the different pieces of real estate are set out. The fact of their having been adjudicated and the names of the adjudicatees thereof are given. The prices for which they were adjudicated figure in forming the active mass. The various amounts for collation were then set out. "The grand total of assets" of the succession was declared to be the sum of $137,024. From this the liabilities of the succession amounting to $13,976.79 were deducted, "leaving as the net amount to be distributed the sum of $123,047.92." The notary then fixed the amount to be received by each of the heirs.

In the list of properties mentioned in this act as having been sold, the property involved in this litigation appears as having been adjudicated to Miss Armide T. White for $4,900. Hunter Stewart appears as having bought several of the properties either in entirety or jointly with others.

In the distribution proposed to be made to the different heirs, Hunter Stewart is mentioned as follows:

"Hunter Stewart in cash five thousand dollars and he has become the purchaser of the following described pieces of real estate and movable effects in excess of his share of $11,980⁶⁶/₁₀₀, to wit:

"[Here follows a description of the property as declared to have been bought by him, the property now in litigation not being included therein.]"

Making a total of $17,379.25, or an excess of $5,398.59, which the said Hunter Stewart

123 LA.—32

has presently paid cash to his coheirs $5,398.59.

On August 6, 1889, the following judgment was rendered by the district court:

"The rule of July 20th came up for trial this day, which, after hearing evidence, counsel, and pleadings, the law and the evidence being in favor of movers:

"It is ordered that the rule be made absolute, and, accordingly, that the act of partition herein filed on the 20th of July, 1889, be approved and homologated and the shares of each of the heirs named be, and the same is, fixed as stated in the act of partition, and it is further ordered and decreed that C. H. Stewart do pay to his coheirs the sum of $1,643.04, that Hunter Stewart do pay to his coheirs the sum of $5,298.59, said amounts to be paid cash, or in accordance with the order of sale herein, one-third cash and the balance in one and two years, in notes secured by vendor's lien and 8 per cent. per annum interest from the day this judgment becomes final, and such other conditions as are embraced in the judgment of April 3, 1888. And it is further ordered, adjudged, and decreed that the heirs be ordered to sign act of partition herein within 10 days hereof, and that the costs of this proceeding be paid by the mass."

On the 28th of February, 1891, Washington Irving Hodgson, the auctioneer who had made the sale for the purpose of effecting the partition, appeared before Morgan Gurley, a notary public in and for the parish of Orleans. After declaring that such was the fact, he further declared: That the sale had been made on the 12th of May, 1888. That at that sale the property afterwards described in the act was adjudicated to the purchaser thereinafter named as the last and highest bidder for the·price and sum of $4,900 on the terms and conditions thereinafter set forth, as the whole would more fully appear by reference to the procès verbal of said auctioneer made part of the act. That in conformity with the said public adjudication, and in order to give unto the thereinafter named purchaser an authentic title to the said property, he, the said auctioneer, in his said capacity, and with the assistance of the heirs thereinafter named, granted, bargained, sold, conveyed, transferred, assigned, and set over with all legal

warranties to Miss Armide Theresa White, the wife of Hunter Stewart (authorized by her husband), there present accepting and purchasing for herself, her heirs and assigns, the following property (describing the property involved in this litigation).

The different heirs of Samuel Stewart and wife personally or by proxy intervened in the act, and, declaring that they took cognizance of the same, joined the auctioneer in making the sale, transferring all their right, title, and interest in the property to the said present purchaser, Armide Theresa White, wife of Hunter Stewart.

The act declared that the sale was made and accepted pursuant to said public adjudication for and in consideration of the price of $4,900, which said sum had been paid cash in ready money by said purchaser unto Alphonse Phillips, late a notary public of that city; he being the officer in charge of the partition proceedings and appointed by the court to receive all such moneys on behalf of the heirs, which all of said appearers and interveners thereby acknowledged.

In the act it was then declared that:

"The present purchaser, having bought the hereinbefore property at public sale aforesaid antecedent to her marriage with Hunter Stewart, pays the price thereof out of her own separate and paraphernal funds, all of which was thereby acknowledged by her husband."

At the time of the trial, Armide White was dead, as were Hunter Stewart, Hodgson, the auctioneer, and Alphonse Phillips, the notary. C. H. Stewart was on the trial placed upon the stand as a witness. He was a brother of Hunter Stewart.

He testified: That he was present at the public sale. That this particular property was then and there adjudicated to Hunter Stewart. He knew Armide White. She was his first cousin. She was without means to buy the property, not having, as he said, a "sou marqué." His testimony was corroborated by the certificate found in the transcript made at a time not suspicious by the official directly concerned in the public sale made at that time. We are perfectly satisfied that the bids made by the different heirs were not paid by them at the time, and that they each and all exercised their legal right of delaying payment until the amount going to them at the partition should be ascertained and liquidated, and that nothing went into the hands of the auctioneer or the notary. Hunter Stewart, we are satisfied, was the actual adjudicatee of this particular property, and became owner thereof at the time of the adjudication. It was evidently his intention at that time to make a donation of the same to Armide White, which intention was subsequently carried into execution on the 28th of February, 1891, several years after the public sale, and some time after his marriage to her.

He had at that time the legal right to make the donation, subject, however, to the rights of such forced heirs as might survive him. He left at his death these two children. The disposable portion of his estate, under the circumstances, was therefore one-half. The disposable half had passed to Armide White, and by donation to her, and at death it passed to her child. The other half belonged to the two forced heirs in equal proportions. Counsel of the defendant urges that the acts and conduct and admissions of Hunter Stewart effectually barred and estopped the child of the second marriage (Edwin J. Stewart) from recovery. The acts and admissions of the father cannot be invoked by way of estoppel as against the rights of his forced heirs. That proposition need not be discussed.

The trial court correctly held that Hunter Stewart, and not Armide White, was the adjudicatee of the property involved in this litigation at the auction sale made on the 12th of May, 1888, by Hodgson, auctioneer, for the purpose of making a partition be-

tween the heirs of Samuel Stewart and wife, and that he himself paid for the same; it erred, however, in giving no effect whatever to the subsequent donation of the same property by Hunter Stewart to Armide White, in ignoring her rights to the property under that donation, and holding that he was the owner of that property at his death.

Instead of amending the decree of the district court in this case, we think it best to set the same aside and render a new decree.

For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be and the same is hereby annulled, avoided, and reversed, and it is now recognized and adjudged and decreed that the minor Gladys Marguerite Stewart and the minor Edwin J. Stewart are joint owners of the property described in plaintiff's petition and in the judgment of the district court herein appealed from, to wit:

Two certain lots of ground, with the buildings and improvements thereon, situated in the First district of this city, in the square bounded by Camp, St. Joseph, Julia, and St. Charles streets, designated by the letters F and G. Lot F measures 20 feet 7 inches and 4 lines front on St. Joseph street, by 66 feet in depth between parallel lines, adjoining lot G. Lot G measures 22 feet 4 inches and 5 lines front on St. Joseph street, by 66 feet in depth; lot G having the use of a common alley. The improvements consist of a double tenement residence Nos. 171 and 173 St. Joseph street—and that at his death it was descended by inheritance to his said two minor children, Gladys Marguerite Stewart and Edwin J. Stewart, in the proportion of one undivided fourth thereon in Edwin J. Stewart and three undivided fourths thereof in Gladys Marguerite Stewart.

It is further ordered, adjudged, and decreed that all the rights of both minors be reserved as to any question of rents or other charges or accounts for settlement on the partition of the property, or otherwise.

It is further ordered, adjudged, and decreed that the present judgment be recorded so as to correct the procès verbal of W. I. Hodgson, auctioneer, of 29th January, 1889, recorded in conveyance office, Book 130, folio 315.

It is further decreed that appellee pay the costs of this appeal.